# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 6, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | UNPUBLISHED |
| THOMAS CREELY, | * | |
| | * | No. 18-1434V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Decision on Damages; Influenza |
| AND HUMAN SERVICES, | * | ("Flu") Vaccine; Guillain-Barre |
| | * | Syndrome ("GBS"). |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Renee Ja Gentry,* The Law Office of Renee J. Gentry, Washington, DC, for petitioner.
*Tyler King,* U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON DAMAGES[1]

On September 20, 2018, Thomas Creely ("petitioner") filed a petitioner for compensation in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that he suffered from Guillain-Barre Syndrome ("GBS") as a result of receiving an influenza ("flu") vaccination on February 2, 2017. *Id.* at Preamble. On November 21, 2019, respondent filed his Rule 4(c) report in which he conceded that Petitioner is entitled to compensation. (ECF No. 31). On November 25, 2019, a Ruling on Entitlement was issued, finding that petitioner had established that he suffered a Table GBS and was entitled to compensation. *See Creely v. Sec'y of Health & Hum. Servs.,* No. 18-1434V, 2019 WL 7482161, at *1 (Fed. Cl. Nov. 25, 2019) (ECF No. 32). The case entered the damages phase the same day. (ECF No. 33).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

The case was in the damages phase for over two years, and on March 18, 2022, petitioner filed a status report indicating that Mr. Creely was unable to participate in a damages hearing and instead requested a briefing schedule on the determination of pain and suffering, as the parties had come to an agreement on a life care plan. Status Report, March 18, 2022 (ECF No. 90). Petitioner filed a memorandum the same day, and respondent submitted his response on April 4, 2022. (ECF Nos. 91, 93). On April 27, 2022, I issued a Ruling on Damages, finding that petitioner should receive an award for past pain and suffering in the amount of $250,000.00, and ordered respondent to file a proffer consistent with the ruling, along with the other agreed upon terms from the life care plan. Ruling on Damages (ECF No. 94).

On May 5, 2022, respondent filed a Proffer on an award of compensation, which indicates petitioner's agreement to compensation on the terms set forth therein. Proffer (ECF No. 97). I have reviewed the Proffer and do award damages in accord with it. The Proffer is incorporated herein and made part of hereof as Appendix A. Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

**Consistent with the terms of the Proffer, the undersigned awards the following in compensation:**

(A) **A lump sum payment of $329,316.56 ($250,000.00 representing compensation for past pain and suffering and $79,316.56 representing compensation for year one (1) of life care plan expenses) in the form of a check payable to petitioner, Thomas Creely;**

(B) **An amount sufficient to purchase the annuity contract described in section II.B. of the proffer.**

This amount accounts for all elements of compensation under 42 U.S.C. §300aa-15(a).

The Clerk of the Court is directed to **ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).