# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 22, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| THOMAS CREELY, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-1434V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Renee J. Gentry*, The Law Office of Renee J. Gentry, Washington, DC, for petitioner
*Tyler King*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 28, 2022, Thomas Creely ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorneys' Fees and Costs ("Fees App.") (ECF No. 104). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$70,584.41.**

### I.   Procedural History

On September 20, 2018, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he suffered from Guillain-Barre Syndrome ("GBS") as a result of receiving an influenza ("flu") vaccination on February 2, 2017. *Id.* at Preamble. On November 21, 2019, respondent filed his Rule 4(c) report in which he conceded that

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Petitioner is entitled to compensation. (ECF No. 31). On November 25, 2019, a Ruling on Entitlement was issued, finding that petitioner had established that he suffered a Table GBS and was entitled to compensation. *See Creely v. Sec'y of Health & Hum. Servs.,* No. 18-1434V, 2019 WL 7482161, at *1 (Fed. Cl. Nov. 25, 2019) (ECF No. 32).

On March 16, 2022, a status conference was held to discuss the outstanding issues in the case which included pain and suffering and emotional distress pursuant to § 15(a)(1)(4) as well as various life care plan issues. (ECF No. 88). Given the severity of the petitioner's condition and the difficult living conditions that that condition had caused for him and his wife, as well as the prolonged inability of the parties to resolve damages, by order of March 17, 2022 I ordered the parties to submit mutually agreeable dates for a hearing to take place between April 18 and May 4, 2022. (ECF No. 89). On March 18, 2022, petitioner filed a status report indicating that petitioner would be unable to participate in a hearing and requested that I make a determination on pain and suffering. (ECF No. 90). Additionally, the status report indicated that petitioner instructed his counsel to accept the Respondent's life care plan. *Id*. On March 18, 2022 I ordered petitioner to file any additional materials and to file a brief by March 28, 2022, with respondent's reply due ten days later. March 18, 2022, NON-PDF Scheduling Order. On March 18, 2022 petitioner filed a memorandum in support of petitioner's motion for findings of act and conclusions of law regarding damages, and stated that due to the length of the proceedings petitioner would accept respondent's proffer with respect to the life care plan. (ECF No. 91). On March 28, 2022, respondent filed a motion for extension of time to file respondent's brief on damages. (ECF No. 92). I granted the extension on March 28, 2022. Order NON-PDF, March 28, 2022. On April 4, 2022, respondent filed his brief on pain and suffering. (ECF No. 93).

On April 27, 2022, I issued a Ruling awarding damages. Damages Ruling (ECF No. 94). On May 5, 2022 Respondent filed a proffer in accord with that decision which I approved on May 6, 2022. Proffer (ECF No. 97).

On June 28, 2022, Petitioner filed a motion for final attorneys' fees. Fees App. (ECF No. 104). Petitioner requests compensation in the total amount of $73,774.07, representing $63,793.60 in attorneys' fees and $9,980.47 in costs. *Id*. at 1. Respondent reacted to the fees motion the same day, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 105). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

## II. Analysis

Section 15(e)(1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.,* 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because petitioner was awarded compensation pursuant to a proffer, he is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

Petitioner request the following rates for the work of his counsel: for Ms. Renee Gentry, Mr. Clifford Shoemaker, paralegal Ms. Sabrina Knickelbein, and RJG Law Paralegal. Fees App. Ex. 1 at 1-31. Mr. Shoemaker was disbarred in February 2020, but the fees requested herein are from 2018 and 2019.

|  | 2018 | 2019 | 2020 | 2021 | 2022 |
| --- | --- | --- | --- | --- | --- |
| **Renee Gentry** | X | $445.00 | $396.00 | $489.00 | $504.00 |
| **Clifford Shoemaker** | $450.00 | $460.00 | X | X | X |
| **Sabrina Knickelbein** | $150.00 | $150.00 | X | X | X |

*Id*.

These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and I find them to be reasonable herein for work performed in the instant case. *See, e.g.*, *Davis v. Sec'y of Health & Hum. Servs.*, No. 15-159V, 2017 WL 877277 (Fed. Cl. Spec. Mstr. Feb. 7, 2017); *Smith v. Sec'y of Health & Hum. Servs.*, No. 14-982V, 2020 WL 1893464 (Fed. Cl. Spec. Mstr. Mar. 18, 2020); *Irwin v. Sec'y of Health & Hum. Servs.*, No. 16-1454V, 2020 WL 2510421 (Fed. Cl. Spec. Mstr. Apr. 9, 2020); *Hoefling v. Sec'y of Health & Hum. Servs.*, No. 18-1935V, 2020 WL 6109440 (Fed. Cl. Spec. Mstr. Sep. 14, 2020); *Temes v. Sec'y of Health & Hum. Servs.*, No. 16-1465V, 2021 WL 2375787 (Fed. Cl. Spec. Mstr. Apr. 15, 2021); *Chilazi v. Sec'y of Health & Hum. Servs.*, No. 17-221V, 2021 WL 3931913 (Fed. Cl. Spec. Mstr. July 1, 2021); *Thompson on the behalf of J.C.T. v. Sec'y of Health & Hum. Servs.,* No. 15-671V, 2022 WL 1075391, at *4 (Fed. Cl. Feb. 22, 2022)

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter to be largely reasonable. However, several items necessitate a small overall reduction. First, many of Mr. Shoemaker's billing entries for communication (such as phone calls and e-mails to the client and other parties) are vague because they do not mention the topic of the communication. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. *See Avgoustis v. Shinseki*, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). Mr. Shoemaker has previously been cautioned that his billing entries should contain greater detail. *Oliver v. Sec'y of Health & Human Servs.,* No. 10-394V, 2019 WL 2246727 (Fed. Cl. Spec. Mstr. Apr. 16, 2019); *Price v. Sec'y of Health & Human Servs.,* No. 11-442V, 2019 WL 1796100 (Fed. Cl. Spec. Mstr. Mar. 22,

2019); *Prokopeas v. Sec'y of Health & Human Servs.,* No. 04-1717V, 2017 WL 6763067 (Fed. Cl. Spec. Mstr. Dec. 5, 2017).

In light of these issues, I find that a five percent overall reduction to the requested attorneys' fees appropriate in order to achieve "rough justice." *Fox v. Vice*, 563 U.S. 826, 838 (2011). This results in a reduction of $3,189.67. Petitioner is therefore awarded final attorneys' fees of $60,603.94.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $9,980.47, representing acquisition of medical records, photocopies, and work performed by Petitioner's life care planner, Ms. Nancy J. Bond, M.Ed., CCM, CLCP, who prepared a life care plan. Ms. Bond requested an hourly rate of $175.00. Fees App. Ex. 1 at 81-95. I have reviewed the submitted invoices and they all appear reasonable for the work performed and submitted into the record. For the remainder of the costs, Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in my experience. Petitioner is therefore entitled to the full amount of costs sought.

## III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $63,793.60 |
|---|---|
| (Reduction of Fees) | - ($3,189.67) |
| **Total Attorneys' Fees Awarded** | **$60,603.94** |
| | |
| Attorneys' Costs Requested | $9,980.47 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$9,980.47** |
| | |
| **Total Attorneys' Fees and Costs** | **$70,584.41** |

Accordingly, I award the following:

1) **Accordingly, I award a lump sum in the amount of $70,584.41, representing reimbursement for Petitioner's attorneys' fees, in the form of a check payable to Petitioner and Petitioner's counsel.[3]**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).